UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| CHAD P. BILLIOT | CIVIL ACTION |
| VERSUS | NUMBER___________________ |
| GULF CRANE SERVICES, INC.,<br>FREEPORT MCMORAN, INC. AND<br>FREEPORT-MCMORAN OIL & GAS LLC, AND<br>C & D PRODUCTION SPECIALIST CO., INC. | JUDGE_____________________<br><br>MAGISTRATE_______________ |

---

COMPLAINT

NOW INTO COURT, through undersigned counsel, comes plaintiff, CHAD P. BILLIOT, a person of the full age of majority domiciled in Jefferson Parish, Louisiana, who with respect represents:

I.

Petitioner's claims are brought pursuant to the Outer Continental Shelf Lands Act., 43 USC § 1331.

II.

Venue is proper in this district because the defendants reside in and are subject to personal jurisdiction in the Western District of Louisiana.

III.

Made defendants herein are:

A. GULF CRANE SERVICES, INC., a domestic corporation authorized to do and doing business in the Western District of Louisiana; whose principal business establishment within this district is located at 1244 Wall Road, Broussard, Louisiana 70518; whose registered agent for service of process is Charles Bollinger, 21795 Dohm Ranch Lane, Loranger, LA 70446.

B. FREEPORT MCMORAN INC., a foreign corporation authorized to do and doing business in the Western District of Louisiana; whose principal business establishment within this district is located at 400 East Kaliste Saloom Road, Lafayette, Louisiana 70508; whose registered agent for service of process is Corporation Service Company, 501 Louisiana Avenue, Baton Rouge, Louisiana, 70802.

C. FREEPORT MCMORAN OIL & GAS LLC, a foreign corporation authorized to do and doing business in the Western District of Louisiana; whose principal business establishment within this district is located at 400 East Kaliste Saloom Road, Lafayette, Louisiana 70508; whose registered agent for service of process is Corporation Service Company, 501 Louisiana Avenue, Baton Rouge, Louisiana, 70802.

D. C & D PRODUCTION SPECIALIST CO., INC., a domestic corporation authorized to do and doing business in the Western District of Louisiana; whose registered agent for service of process is Charles Crosby, Sr., 14573 Highway 3235, Cut Off, Louisiana, 70345.

IV.

On or about June 12, 2015, petitioner, CHAD P. BILLIOT, was working in the course and scope of his employment for Superior Energy Services aboard High Island 537, a fixed production platform located in the Gulf of Mexico off the Coast of Texas owned by defendants, FREEPORT MCMORAN, INC. and/or FREEPORT MCMORAN OIL & GAS LLC, and operated by defendants, FREEPORT MCMORAN, INC. and/or FREEPORT MCMORAN OIL & GAS LLC and C & D PRODUCTION SPECIALIST CO., INC.

V.

At approximately 8:00 p.m. on June 12, 2015, petitioner, CHAD P. BILLIOT, was being transported from the platform to a vessel with several other crew members via a crane mounted personnel basket when, after lowering personnel basket off the side of the platform, the crane suddenly, negligently and without warning swung the personnel basket and crashed it into the crane boom rest.

VI.

At the time of the incident, the crane was operated and under the sole custody and control of defendant, GULF CRANE SERVICES, INC., its employees, agents and/or other persons for whom it is responsible

VII.

The incident occurred during increasingly inclement weather and high winds. Defendants, GULF CRANE SERVICES, INC., FREEPORT MCMORAN, INC. and/or FREEPORT MCMORAN OIL & GAS LLC, GULF CRANE and/or C & D PRODUCTION SPECIALIST CO., INC., provided the directive to transport the crew to the vessel by personnel basket, as opposed to other means.

VIII.

Petitioner, CHAD P. BILLIOT, was not negligent in the accident.

IX.

Said accident, resulting in injuries and damages to your petitioner, CHAD P. BILLIOT, was a direct and proximate result of the negligence, gross negligence and/or willful and wanton conduct of defendant, GULF CRANE SERVICES, INC., its employees, agents and/or other persons for whom it is responsible, in the following non-exclusive particulars:

A. Improper, inadequate and/or reckless operation of the crane;

B. Improper, inattentive and/or improperly trained crane operator;

C. Improper, inadequate and/or defective crane, crane equipment and/or appurtenances;

D. Improper and/or inadequate maintenance;

E. Improper and/or inadequate training;

F. Improper and/or inadequate supervision;

G. Creating and/or permitting the existence of unreasonably dangerous conditions upon its equipment;

H. Failure to remedy unreasonably dangerous conditions upon its equipment for which it had actual and/or constructive knowledge;

I. Failure to properly maintain its crane and/or appurtenances;

J. Violation of state and/or federal safety rules and regulations;

K. Violation of company rules and regulations;

L. Violation of industry safety standards;

M. Any other acts of negligence and/or gross negligence which may be revealed at or before the trial of this matter.

X.

Said accident, resulting in injuries and damages to your petitioner, CHAD P. BILLIOT, was a direct and proximate result of the negligence, gross negligence and/or willful and wanton conduct of defendants, FREEPORT MCMORAN, INC. and/or FREEPORT MCMORAN OIL & GAS LLC, their employees, agents and/or other persons for whom it is responsible, in the following non-exclusive particulars:

A. Improper, inadequate and/or reckless work directives;

B. Improper, inadequate and/or reckless job planning and/or coordination;

C. Improper, inattentive and/or improperly trained platform operator and/or company man;

D. Improper, inadequate and/or defective platform equipment and/or appurtenances;

E. Improper and/or inadequate maintenance;

F. Improper and/or inadequate training;

G. Improper and/or inadequate supervision;

H. Creating and/or permitting the existence of unreasonably dangerous conditions upon its platform;

I. Failure to remedy unreasonably dangerous conditions upon its platform for which it had actual and/or constructive knowledge;

J. Violation of state and/or federal safety rules and regulations;

K. Violation of company rules and regulations;

L. Violation of industry safety standards;

M. Any other acts of negligence and/or gross negligence which may be revealed at or before the trial of this matter.

XI.

Said accident, resulting in injuries and damages to your petitioner, CHAD P. BILLIOT, was a direct and proximate result of the negligence, gross negligence and/or willful and wanton conduct of defendants, C & D PRODUCTION SPECIALIST CO., INC., their employees, agents and/or other persons for whom it is responsible, in the following non-exclusive particulars:

A. Improper, inadequate and/or reckless work directives;

B. Improper, inadequate and/or reckless job planning and/or coordination;

C. Improper, inattentive and/or improperly trained platform operator and/or company man;

D. Improper, inadequate and/or defective platform equipment and/or appurtenances;

E. Improper and/or inadequate maintenance;

F. Improper and/or inadequate training;

G. Improper and/or inadequate supervision;

H. Creating and/or permitting the existence of unreasonably dangerous conditions upon its platform;

I. Failure to remedy unreasonably dangerous conditions upon its platform for which it had actual and/or constructive knowledge;

J. Violation of state and/or federal safety rules and regulations;

K. Violation of company rules and regulations;

L. Violation of industry safety standards;

M. Any other acts of negligence and/or gross negligence which may be revealed at or before the trial of this matter.

XII.

Plaintiff specifically pleads the doctrine of *negligence per se*.

XIII.

Petitioner, CHAD P. BILLIOT, was caused to personal injuries as a result of the incident. Accordingly, petitioner itemizes his damages as follows:

A. Medical expenses; past, present and future; in an amount reasonable in the premises;

B. Lost wages; past, present and future; in an amount reasonable in the premises;

C. Impairment of earning capacity; past, present and future; in an amount reasonable in the premises;

D. General damages, including pain, suffering, disability, mental anguish and loss of enjoyment of life; past, present, and future; in an amount reasonable in the premises.

XIV.

In addition to the damages set forth *supra*, defendant, GULF CRANE SERVICES, INC., is also liable to petitioner, CHAD P. BILLIOT, for punitive and/or exemplary damages for gross, willful, wanton and/or reckless actions which constituted a callous disregard for the safety of petitioner and caused the subject accident and petitioner's injuries.

XV.

In addition to the damages set forth *supra*, defendants, FREEPORT MCMORAN, INC. and/or FREEPORT MCMORAN OIL & GAS LLC, are also liable to petitioner, CHAD P. BILLIOT, for punitive and/or exemplary damages for gross, willful, wanton and/or reckless actions which constituted a callous disregard for the safety of petitioner and caused the subject accident and petitioner's injuries.

XVI.

In addition to the damages set forth *supra*, defendant, C & D PRODUCTION SPECIALIST CO., INC., are also liable to petitioner, CHAD P. BILLIOT, for punitive and/or exemplary damages for gross, willful, wanton and/or reckless actions which constituted a callous disregard for the safety of petitioner and caused the subject accident and petitioner's injuries.

WHEREFORE, all premises considered, plaintiff, CHAD P. BILLIOT, prays that defendants, GULF CRANE SERVICES, INC., FREEPORT MCMORAN, INC., FREEPORT MCMORAN OIL & GAS LLC and C & D PRODUCTION SPECIALIST CO., INC., be duly served with a copy of this Complaint, cited to appear and answer same and, that after legal delays and due proceedings had, there be a judgment in favor of plaintiff, CHAD P. BILLIOT, and against defendants, GULF CRANE SERVICES, INC., FREEPORT MCMORAN, INC., FREEPORT MCMORAN OIL & GAS LLC and C & D PRODUCTION SPECIALIST CO., INC., in an amount reasonable in the premises, together with legal interest from date of judicial demand and for all costs of these proceedings.

FURTHER, for all other such general and equitable relief as this Honorable Court may deem proper.

Respectfully submitted,

ANDERSON DOZIER BLANDA & SALTZMAN

s/Nick Blanda

NICHOLAS A. BLANDA (#29093)(T.A.)
Attorney for Plaintiff
P. O. Box 82008
Lafayette, LA 70598-2008
(337) 233-3366 – phone
(337) 233-3163 – fax
nicholas@andersondozier.com

LAW OFFICE OF ADAM S. LAMBERT

s/Adam Lambert
Adam S. Lambert (#25134)
Attorney at Law
3531 Plymouth Place
Phone: (504) 433-0289
Fax: (504) 433-0840
Email: LSULawyer@aol.com

PLEASE SERVE:

GULF CRANE SERVICES, INC.
Through their registered agent:
Charles Bollinger
21795 Dohm Ranch Lane
Loranger, LA 70446

FREEPORT MCMORAN INC.
Through their registered agent:
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, Louisiana, 70802

FREEPORT MCMORAN OIL & GAS LLC
Through their registered agent:
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, Louisiana, 70802.

C & D PRODUCTION SPECIALIST CO., INC.
Through their registered agent:
Charles Crosby, Sr.
14573 Highway 3235
Cut Off, Louisiana, 70345.